a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DERRICK DAMON RAINWATER,** Petitioner | **CIVIL ACTION NO. 1:18-CV-746-P** |
| **VERSUS** | **JUDGE DRELL** |
| **CHRIS MCCONNELL,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Derrick Damon Rainwater ("Rainwater") (#25805-077). Rainwater is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Rainwater challenges the legality of his sentence.

Because Rainwater cannot meet the requirements of the savings clause, his petition should be dismissed for lack of jurisdiction.

I.  Background

In 1994, Rainwater was convicted of six counts of interfering with commerce by robbery in violation of 18 U.S.C. § 1951(a), and five counts of using and carrying a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and (2). United States v. Rainwater, 3-10-CV-2017-D, 2010 WL 4340264, at *1 (N.D. Tex. Oct. 12, 2010), report and recommendation adopted, 3-10-CV-2017-D, 2010 WL 4284923 (N.D. Tex. Oct. 28, 2010). Rainwater was sentenced to concurrent terms of 108 months of imprisonment for the six robbery counts; a

consecutive term of 60 months for count two; and consecutive terms of 240 months for each of counts five, seven, nine, and 11. Rainwater's concurrent sentences for the six robbery counts were subsequently reduced to 97 months, bringing his total sentence to 1,117 months of imprisonment. Rainwater v. Werlich, 647 F. App'x 496, 497 (5th Cir. 2016). Rainwater has attempted to pursue several 28 U.S.C. § 2255 challenges to his sentence. E.g., In re: Derrick D. Rainwater, No. 06–10632, Doc. No. 9 (5th Cir. 2006) (unpublished).

## II. Law and Analysis

### A. Rainwater cannot meet the requirements of the savings clause.

Rainwater seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

As the United States Court of Appeals for the Fifth Circuit stated in one of Rainwater's prior cases:

> Our circuit has established a three-part test to determine the applicability of the savings clause. Accordingly, Rainwater's § 2241 petition must: raise a claim "that is based on a retroactively applicable Supreme Court decision"; that claim "was foreclosed by circuit law at the time when [it] should have been raised in [Rainwater's] trial, appeal or first § 2255 motion"; and, that retroactively applicable decision

> "establishes that [Rainwater] may have been convicted of a nonexistent offense". Reyes–Requena, 243 F.3d at 904.

Rainwater v. Werlich, 647 F. App'x 496, 497–98 (5th Cir. 2016).

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." Id. at 2563.

Rainwater claims that Johnson was expanded by Sessions v. Dimaya, 138 S. Ct. 1204 (2018). In Dimaya, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Id. Rainwater concludes that, because § 924(c)(3)(B) is "materially identical" to the crime of violence definition under § 16(b), then § 924(c)(3)(B) is also unconstitutional. (Doc. 1, p. 7).

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines the term "crime of violence" as:

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threated use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "force clause." The second clause, § 924(c)(3)(B), is referred to as the "residual clause."

First, the Fifth Circuit has held that, even after Johnson, the definition of "crime of violence" under § 924(c) is not constitutionally vague. See United States v. Jones, 854 F.3d 737, 740 (5th Cir. 2017). Second, the Fifth Circuit has held that, even after Dimaya, § 924(c)(3)(B) remains valid. See United States v. Williams, 16-20815, 2018 WL 3621979, at *2 (5th Cir. July 30, 2018) (if § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute).

Moreover, even if the residual clause of § 924(c)(3)(B) was found unconstitutional, several cases in this circuit have found that robbery under § 1951 qualifies as a crime of violence under the force clause, not the residual clause of § 924(c)(3). See Bonner v. United States, No. 3:16-cv-2068, 2017 WL 4803904 (N.D. Tex. Sept. 27, 2017) (even if Dimaya impacted the Fifth Circuit's conclusion that Johnson did not reach § 924(c), Dimaya would offer no relief from a § 924(c) conviction predicated on a Hobbs Act robbery), report and recommendation adopted 2017 WL 4778709 (N.D. Tex. Oct. 23, 2017); Cleveland v. United States, 3:13-cr-479, 2018 WL 1740093, at *2 (N.D. Tex. Apr. 11, 2018) (Hobbs Act robbery fits under Section 924(c)'s force clause, not its residual clause); United States v. Reed, 187 F. Supp. 3d 743, 748 (W.D. La. 2016) (Hobbs Act robbery falls within the force clause).

Thus, Rainwater cannot show that he is entitled to proceed under the savings clause of § 2255(e).

III. <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Rainwater's § 2241 petition be **DISMISSED without prejudice** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge